IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESHED ALSTON, | : |
|       Plaintiff, | : |
| v. | : Civ. No. 20-828-LPS |
| DRAPER HOLDING BUSINESS TRUST, et al., | : |
|       Defendants. | : |

EShed Alston, Dover, Delaware, Pro Se Plaintiff.

Aaron E. Moore, Esquire, and Artemio C. Aranilla, II, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants Draper Holdings Business Trust, Steve Hammond, Tom Lehman, and WBOC, Inc.

**MEMORANDUM OPINION**

August 16, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff EShed Alston ("Plaintiff"), who proceeds *pro se*, commenced this action on June 18, 2020. (D.I. 1) Before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 11)

## II. BACKGROUND

The Complaint alleges certain nongovernmental entities and media-affiliated individuals violated Plaintiff's right to free speech, equal protection, and due process, as well as claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986 & 1988, 18 U.S.C. § 1512, 18 U.S.C. §§ 241 and 242, the 1964 Civil Rights Act, and FCC regulations. (D.I. 1) Named defendants include Draper Holdings Business Trust ("Draper Holdings"), Steve Hammond ("Hammond"), Tom Lehman ("Lehman"), and WBOC, Inc. ("WBOC" improperly captioned as "WBOC Inc., WBOC and Fox, CBS, and NBC affiliates") ("Moving Defendants"). The Complaint also names Defendants WMDT Marquee Broadcasting at 2020 47 ABC, Dover Post, and Benjamin Mace, none of whom it appears have been properly served.

Moving Defendants are private entities and private individuals. (D.I. 12 at 3) Draper Holdings is a business trust company that owns WBOC, Inc., a broadcasting company. Hammond and Lehman are affiliated with WBOC. (*Id.*) While difficult to discern, Plaintiff appears to allege violations of his "freedom of press and speech rights and right to travel" under the First, Fourth, and Fourteenth Amendments of the United States Constitution. (D.I. 1 at 8) The Complaint alleges that: (1) Lehman failed to take note of, or report on, Plaintiff's picketing on Veterans Day 2017; (2) Lehman/WBOC failed to accurately report Plaintiff's statements regarding Habitat for Humanity Housing; and (3) Lehman/WBOC allegedly failed to report on President Trump's February 10, 2020

1

letter of appreciation to Plaintiff. (D.I. 1 at 19-20, 24-26) Plaintiff seeks $777,777,777 in compensatory damages.

Moving Defendants seek dismissal on the grounds that they are not state actors, as required to state a claim under 42 U.S.C. § 1983, and the allegations are conclusory. (D.I. 12) Plaintiff responded on October 15, 2020 by filing a notice of motion for immediate stay of proceedings due to emergency medical needs affecting Plaintiff's health. (D.I. 13) He has taken no subsequent action in this case.

### III.   LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10. "In evaluating a motion to dismiss," the court "may consider documents that are attached to or submitted with the complaint . . . 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public

2

record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.    DISCUSSION

### A.    State Actors

The Complaint alleges violations of the First and Fourteenth Amendments. (D.I. 1 at 8-26) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

There are no allegations that Moving Defendants are state actors; nor does the Complaint allege that Moving Defendants acted jointly with state actors. *See e.g., Manhattan Cmty. Access Corp. v. Halleck*, __U.S.__, 139 S.Ct. 1921, 1928 (2019). Rather, Moving Defendants are media and media-affiliated individuals who provide a forum for speech.

The § 1983 claims have no arguable basis in law or in fact. Therefore, the Court will grant the motion to dismiss the claims.

**B.    Criminal Charges**

The Complaint alleges violations of federal criminal statutes 18 U.S.C. § 1512 and 18 U.S.C. §§ 241 and 242. (D.I. 1 at 13, 17, 18) To the extent that Plaintiff seeks to impose criminal liability upon Moving Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Accordingly, Moving Defendants' motion to dismiss these claims will be granted.

**C.    Deficiently Pled**

A complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement'". *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

4